FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★  APR 4 - 2006  ★

P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
SIMON E. TOBAR,

                        Petitioner,

  - against -

UNITED STATES of AMERICA,

                        Respondent.
----------------------------------------------------X

03 CV 1147 (SJ)

**MEMORANDUM
& ORDER**

APPEARANCES

SIMON E. TOBAR
# 83082-054
FCI Otisville
P.O. Box 1000
Otisville, New York 10963
Petitioner, *Pro Se*

ROSLYNN R. MAUSKOPF, ESQ.
United States Attorney
One Pierrepont Plaza
Brooklyn, New York 11201
By:    Carolyn Pokorny, Esq.
Attorney for Respondent

JOHNSON, Senior District Judge:

    Before the Court is a motion by Simon E. Tobar ("Petitioner"), acting *pro se*, to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion is DENIED.

1

## BACKGROUND

Petitioner seeks to challenge a judgment, which followed a plea of guilty, convicting Petitioner of reentering the United States without the permission of the United States Attorney General, after having been deported following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a). Following Petitioner's plea of guilty, this Court sentenced him principally to 87 months of incarceration. On direct appeal, Petitioner's judgment was affirmed by the United States Court of Appeals for the Second Circuit (the "Second Circuit"). United States v. Tobar, 22 F. Appx. 75, 76 (2d Cir. 2001); cert. denied, Tobar v. United States, 535 U.S. 908 (2002).

Petitioner then filed this motion, dated February 28, 2003, claiming ineffective assistance of counsel by his trial counsel, Mildred M. Whalen, Esq. ("Trial Counsel"), and by his appellate counsel, Philip L. Weinstein, Esq. ("Appellate Counsel"), both of the Legal Aid Society of New York.

## DISCUSSION

### I. Ineffective Assistance of Counsel

Petitioner's ineffectiveness arguments are based on his assertions that (1) Trial Counsel failed to object at the time of Petitioner's sentencing to a denial by this Court of a request to adjourn his sentencing, and (2) Appellate Counsel failed to raise on appeal Trial Counsel's supposed ineffectiveness.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court

2

established a two-part test to determine whether a counsel's assistance was ineffective. First, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." Id. at 688. When evaluating counsel's performance, a court must examine the circumstances of counsel's conduct from counsel's perspective at the time rather than from hindsight. Id. at 689. Moreover, in order to satisfy the first prong of Strickland, Petitioner must overcome the strong presumption that the challenged action or inaction may be considered reasonable strategy. Id.

Second, a petitioner must show that counsel's performance prejudiced his defense. Id. at 692. To show prejudice, there must be a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different. Id. at 694. As the Supreme Court stated, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Unless Petitioner satisfies both of the requirements of Strickland, it cannot be said that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable." Id. at 687.

Petitioner's claim against Trial Counsel is rooted in Petitioner's belief at the time of sentencing and at the time he filed this motion that, had his sentencing date been adjourned past a certain date, he would have been eligible for a more favorable sentence as a result of an amendment to the portion of the Federal Sentencing Guidelines (the "Guidelines") used to determine his sentence. This issue first arose

3

P-049

before this Court in a March 13, 2001 letter Trial Counsel submitted before Petitioner's sentencing. In her letter, Trial Counsel included a request for an adjournment of Petitioner's sentencing until May 15, 2001 or later. Trial Counsel made this request because she was anticipating the enactment of a proposed amendment to a Guideline provision relevant to Petitioner's sentence. The proposed amendment – had it been enacted in the form cited by Trial Counsel – would have significantly reduced the Guidelines range Petitioner faced.[1] The Court did not adjourn the sentencing date.

Notably, though, as Petitioner has acknowledged in his Reply and Objections to the Government's Opposition, dated November 3, 2003, while the relevant Guideline was, in fact, amended, it remained unchanged with respect to the enhancement for which Petitioner qualified. Thus, Petitioner's sentence would have been the same whether his sentencing date had been adjourned or not.

Therefore, even if the Court were to find Trial Counsel's failure to object to the denial of the adjournment fell below an objective standard of reasonableness – which the Court is not – because Petitioner was not prejudiced when Trial Counsel did not object, Trial Counsel did not provide ineffective assistance of counsel. Moreover,

---

[1] The relevant Guideline for illegal re-entry cases is U.S.S.G. § 2L1.1. Trial Counsel was under the impression that § 2L1.1 would be amended to eliminate the automatic enhancement of 16 levels for defendants who re-enter or are found in the United States after deportation for conviction of an aggravated felony, as Petitioner had been after pleading guilty and serving time in connection with an attempted robbery in 1994 in Nassau County, New York. See Gov. Resp. § 2255 Mot., Ex. B at 1; Ex. D at 4.

4

P-049

because Trial Counsel was not ineffective, Appellate Counsel was obviously not ineffective for failing to raise an issue on appeal as to Trial Counsel's performance.

## II. Request for Denial Without Prejudice

After reviewing the Government's response to this motion, Petitioner admittedly saw the futility of his ineffectiveness claim and now, in essence, has abandoned that claim and asked that, if the Court dismisses the petition, it do so without prejudice so Petitioner can file another motion challenging his sentence under 28 U.S.C. § 2255, if he is able to challenge successfully the state conviction that led to his increased sentence in this case.

To dismiss the petition without prejudice would not, though, be consistent with the Second Circuit's stated policy rationale with respect to the dismissal of habeas corpus petitions. See Thai v. United States, 391 F.3d 491, 495 (2d Cir. 2004) (stating that when a petitioner has realized a claim is without merit and seeks to withdraw that claim, withdrawal must be with prejudice in order to avoid permitting petitioners to "thwart the limitations on the filing of second or successive motions") (internal quotations and citation omitted).

While Petitioner is not explicitly seeking withdrawal of his claim, functionally his request is the same, meaning the Second Circuit's concerns are just as warranted.

5

Therefore, the Court denies the request to dismiss the petition without prejudice.[2]

### III. Certificate of Appealability

The only remaining issue is the question of whether to grant a certificate of appealability. For a certificate of appealability to issue, petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing "does not require a petitioner to demonstrate that he would prevail on the merits, but merely that 'reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" Santana v. U.S., No. 04 CV 1111, 2005 WL 180932, at *7 (S.D.N.Y. Jan. 26, 2005) (quoting Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002)) (internal quotation marks and citation omitted). Petitioner has made no substantial showing of the denial of a constitutional right in this case.

## CONCLUSION

After reviewing the filings and the relevant portions of the record, which were entirely sufficient to dispose of this motion, the Court concludes that neither Trial

---

[2] Should Petitioner decide once again to file with this Court a motion pursuant to 28 U.S.C. § 2255, he would need to do so in accordance with the applicable case law and statutes, particularly the requirement that a petitioner receive prior authorization from the appropriate court of appeals – in this case, the Second Circuit. See 28 U.S.C. §§ 2244, 2255.

6

P-049

Counsel nor Appellate Counsel provided ineffective assistance to Petitioner. Accordingly, the Court hereby DENIES both the motion and the issuance of a certificate of appealability. Morever, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is hereby DISMISSED with prejudice. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: March 30, 2006
       Brooklyn, New York

s/SJ
Senior U.S.D.J.

7

P-049